IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARLO ONDREJ, INDIVIDUALLY AS SURVIVING MOTHER OF HANNAH QUINN WESTALL AND AS TH EREPRESENTATIVE OF THE ESTATE OF HANNAH WESTALL, AND THE STATUTORY BENEFICIARY J.B.M.;<br><br>*Plaintiff,*<br><br>vs.<br><br>CITY OF SAN ANTONIO, DAVID M. PERRY,<br><br>*Defendants.* | SA-21-CV-00281-JKP |

## **ORDER**

Before the Court in the above-styled and numbered cause of action is Plaintiff's Motion to Compel Discovery Responses from City of San Antonio and to Deem Requests Admitted [#23]. This case was referred to the undersigned for all pretrial proceedings on March 23, 2021 [#5]. The undersigned has authority to issue this non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A).

This case arises under 42 U.S.C. § 1983 and concerns the officer-involved shooting death of Hannah Westall. Plaintiff alleges violations of Westall's Fourth, Eighth, and Fourteenth Amendment Rights. Plaintiff served Defendant City of San Antonio ("the City") with requests for admission, interrogatories, and requests for production. The City objected to some of those requests, and Plaintiff moved to overrule these objections, consider the contested requests for admission admitted, and compel responses to the contested interrogatories and requests for production.

Prior to the hearing, the parties conferred on their dispute as ordered by the Court and were able to reach a resolution as to some of the outstanding issues. On January 24, 2022, the Court held a hearing on the remaining disputes at which counsel for all parties appeared via videoconference. In resolving Plaintiffs' motion, the undersigned has considered Defendant City of San Antonio's response [#24], the parties joint advisory [#31], and the arguments of counsel at the hearing. The Court issued a number of oral rulings at the hearing, which it now memorializes with this written Order.

**IT IS HEREBY ORDERED** that for the reasons stated on the record during the hearing, Plaintiff's Motion to Compel Discovery Responses from City of San Antonio and to Deem Requests Admitted [#23] is **GRANTED IN AND DENIED IN PART** as follows:

- Plaintiff's motion to deem admitted Requests for Admission 19, 20, 21, 22, and 23 is **DENIED**.

- Plaintiff's motion to compel an answer to Interrogatory 5 is **GRANTED IN PART** and Defendant City of San Antonio is ordered to supplement its previously provided answer to this interrogatory with the additional details the City's attorney explained at the hearing **on or before February 15, 2022**.

- Plaintiff's motion to compel an answer to Interrogatory 6 is **DENIED AS MOOT** based on the additional information provided at the hearing and being provided in the supplemental response to Interrogatory 5.

- Plaintiff's motion to compel an answer to Interrogatories 9 and 10 is **DENIED AS MOOT**, due to the City's clarification on the record that no names were withheld in their prior response to those interrogatories.

- Plaintiff's motion to compel a response to Request for Production 4 is **GRANTED IN PART**. **On or before February 15, 2022,** the City must produce the documents that reflect the officer-involved shootings that have occurred between March 1, 2016, and March 1, 2021. The parties are then ordered to confer to determine what additional information, if any, needs to be disclosed for the listed incidents and attempt to reach an agreement regarding how to handle confidential or sensitive information related to internal investigations.

- Plaintiff's motion to compel a response to Request for Production 22 is **DENIED AS MOOT**, due to the City's clarification on the record that all current policies responsive to this request have been produced.

SIGNED this 24th day of January, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE